# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JORGE LUIS PENA** (M-07556), | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17 C 832 |
| v. | ) |
| | ) |
| **GUY PIERCE**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Based on the information in the application for leave to proceed in forma pauperis ("Application," Dkt. No. 3) that pro se prisoner Jorge Luis Pena ("Pena") has submitted with his self-prepared Complaint, the Application is granted. This Court orders the trust fund officer at Pontiac Correctional Center ("Pontiac"), Pena's place of incarceration, to deduct $15.79 from Pena's account there for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order, for which purpose the Clerk of Court is directed to send a copy of this order to the trust fund officer at Pontiac. Summonses, however, shall not issue. Instead Pena's Complaint [Dkt. No. 1] and this action are dismissed pursuant to this Court's initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A,[1] for failure to state a claim on which relief may be granted (this dismissal counts as one of Plaintiff's three strikes under Section 1915(g)). Lastly, Pena's motion for recruitment of counsel [Dkt. No. 4] is denied as moot.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

**Pena's Section 1983 Claim**

Pena has invoked 42 U.S.C. § 1983 ("Section 1983") to file a "Complaint Under the Civil Rights Act, Title 42 Section 1983." Currently before this Court are Pena's application for leave to proceed in forma pauperis, his Complaint and his motion for attorney representation.

Because Pena's Application demonstrates that he cannot prepay the filing fee, it is granted on the limited basis provided for in Section 1915. Pursuant to Section 1915(b)(1) and (2) this Court orders (1) Pena to pay immediately (and Pontiac to remit automatically) $15.79 to the Clerk of Court as the initial partial filing fee and (2) Pena to pay (and Pontiac or any other custodial institution to which he may be transferred hereafter to remit automatically) to the Clerk of Court 20% of the amount deposited to his trust fund account for each calendar month during which he receives $10 or more, until the $350 filing fee is paid in full. This Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Pena is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, Attention: Cashier's Desk, 20th Floor, and shall clearly identify Pena's name and the case number assigned to this case.

Sections 1915(e)(2) and 1915A(a) require this Court to screen pro se prisoners' complaints and dismiss any such complaint, or any of its claims, if this Court determines that the complaint or a claim is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief (Jones v. Bock, 549 U.S. 199, 214-15 (2007)). To that end courts screen prisoner litigation claims in the same manner that they

evaluate ordinary Fed. R. Civ. P. ("Rule") 12(b)(6) motions to dismiss (Maddox v. Love, 655 F.3d 709, 718 (7th Cir. 2011)).

Such a motion challenges the sufficiency of the complaint (Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009)), for which purpose Rule 8(a)(2) calls for a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief," which statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests" (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Under federal notice pleading standards a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" (id.). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Twombly, 550 U.S. at 570).

As Alam v. Miller Brewing Co., 709 F.3d 662, 665-66 (7th Cir. 2013) teaches:

> In reviewing the sufficiency of a complaint under the plausibility standard, we accept the well-pleaded facts in the complaint as true.

Courts also construe pro se complaints liberally (Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). What follows is a summary recapitulation or Pena's allegations without paragraph of page citations.

On November 11, 2015, while Pena was an inmate at Stateville Correctional Center, his cell was searched by correctional officers. During that search two homemade weapons were confiscated. On that same day a disciplinary report was generated regarding the search and confiscation of the weapons. On November 24 Pena appeared before the Adjustment Committee

on the disciplinary report. Pena denied the weapons were his and presented an affidavit from his cellmate in which the cellmate took full responsibility for the weapons being in the cell.

On November 28 the disciplinary report was rewritten at the request of the Adjustment Committee. As revised it included a statement that a correctional officer had observed Pena sitting on the bottom bunk before the search and that some of his papers were located under the mattress of the bottom bunk. After Pena had been transferred to Pontiac, the Stateville Adjustment found him guilty of possession of the contraband on December 3 and imposed as disciplinary measures (1) six months C grade, (2) six months segregation, (3) revocation of three months of good conduct credits, (4) six months of commissary restrictions and (5) three months of yard restrictions.

Although Pena grieved the guilty finding and the disciplinary report was expunged, that does not entitle him to Section 1983 relief. Why? Because that section requires a showing of a <u>constitutional</u> violation, and here Pena's allegations and exhibits attached to the Complaint show that he was afforded the due process to which he was entitled.

In the familiar parlance of the Constitution's Due Process Clause, a person may not be deprived of life, liberty or property without due process of law (<u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974)). And to establish a due process violation in a case such as this, a plaintiff must demonstrate both (1) that there was a protected interest at stake that necessitated the protections demanded by due process and (2) that such requirements were not satisfied by the disciplinary hearing process (<u>id.</u>).

Inmates have a liberty interest in time credits earned for good conduct (Wolff, 418 U.S. at 557). Due process in the context of a prison disciplinary hearing comprises five requirements: (1) advance written notice of the disciplinary charges; (2) assistance of a fellow inmate or prison staff member in cases where the inmate is illiterate or the complexity of the issues makes it unlikely that the inmate will be able to defend himself comprehensively; (3) an opportunity to call witnesses and present documentary evidence to the extent consistent with institutional safety and correctional goals; (4) a written statement by the factfinder indicating the evidence relied on and the reasons for disciplinary action; and (5) confirmation that the disciplinary board's decision is supported by "some evidence in the record" (Superintendent, Mass. Corr. Inst. at Walpole v. Hill, 472 U.S. 445, 454-55 (1985); Wolff, 418 U.S. at 563-72).

Here the Complaint's allegations and exhibits confirm that Pena received proper notice of the charges against him, an opportunity to present witnesses and evidence and a written statement by the factfinder supported by some evidence. Although Pena takes issue with the findings reached by the diciplinary committee in light of his cellmate's having taken responsibility for the weapons being in the cell, what controls under Wolff is the fact that Pena was afforded proper due process during the disciplinary proceedings.

Moreover, it must be recalled that the disciplinary report was expunged. As Morissette v. Peters, 45 F.3d 1119, 1122 (7th Cir.1995) (per curiam) teaches:

> There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process.

Hence Pena has no claim of a constitutional violation where, as here, the adjustment committee at Pontiac expunged the disciplinary report on October 20, 2016.

Accordingly this Court issues the order described in the opening paragraph of this opinion because of Pena's failure to state a claim on which relief may be granted. And also as stated at the outset, the present dismissal counts as a "strike" under Section 1915(g). In that respect Pena is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious or failing to state a claim, he may not file any further lawsuit in federal court without prepaying the entire filing fee unless he is in imminent danger of serious physical injury (id.).

						_____
						Milton I. Shadur
						Senior United States District Judge

Date: February 7, 2017